COX, Circuit Judge,
concurring in part and dissenting in part:
I join Part III of Judge Marcus’s opinion for the court dealing with non-economic damages under the Rehabilitation Act (RA), and I join Part IV of Judge Marcus’s opinion holding that Sheely failed to state a claim under Florida law. I dissent from the mootness discussion in Part II of his opinion in light of the court’s fact-finding. Fact-finding is the business of the district court-not the court of appeals.
The issue before this court is whether the district court properly granted summary judgment on the mootness issue. The majority decides that summary judgment was improper. I concur in that determination. The problem is that the majority engages in fact-finding on the mootness issue and effectively grants summary judgment to Sheely on the issue of mootness by denying MRN the opportunity to resolve in its favor disputed issues of fact regarding the new policy.
The district court’s summary judgment order found that the “policy modification is exactly the relief this Court could have granted to Plaintiff [and] [t]he record is undisputed that Defendant consulted an ADA expert, established a formal written policy, and transmitted this written policy to all employees.” (R.l-47 at 8) (internal punctuation omitted). The court concluded that there was no real threat of a recurrent violation, stating that “the record is clear that the written access policy is now in force, thus solving any problem that existed.”[1] (R.1^7 at 15-16.) Consequently, the district court granted summary judgment to MRN only because Sheely failed to show that MRN would likely commit future violations.
I disagree with the majority’s fact-finding on the issue of whether MRN is likely to continue its allegedly discriminatory practices. Whether MRN is likely to renew its challenged conduct in the future is a factual finding within the sole province of the trial court. For example, in Troiano v. Supervisor of Elections, 382 F.3d 1276 (11th Cir.2004), we characterized the district court’s determination of whether the defendant would renew its challenged conduct as a factual finding and reviewed it for clear error. Id. at 1285. Similarly, in United States v. Concentrated Phosphate Export Ass’n, 393 U.S. 199, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968), the Supreme Court *1207 stated that the determination of future violations was a “matter for the trial judge.” 393 U.S. at 203-04, 89 S.Ct. at 364. It is the district court’s responsibility to make factual findings, not ours. S.S. Silberblatt, Inc. v. U.S. ex rel. Lambert Corp., 353 F.2d 545, 550 (5th Cir.1965) (“It is not the province of this court to determine the essential facts on which the judgment is based; that is the proper function of the trial court.”).
The majority correctly notes that the district court did not consider the three voluntary cessation factors[2] nor make factual findings on the issue of continued harm, and therefore, we have no factual findings to review on appeal. See Maj. Op. at 1188-89 n.15. The district court did not make factual findings, however, because it believed MRN was due summary judgment on the mootness issue because the record was undisputed that MRN would not renew its challenged practices. If summary judgment was improper, the court should reverse the grant of summary judgment and remand the case to the district court with instructions to either try the case or, at a minimum, conduct an evidentiary hearing to make findings of fact on the issue of future harm.
Instead, the majority applies the three factors for the first time on appeal and makes factual findings in the process, despite saying that the record is “undisputed.”[3] For example, regarding the first voluntary cessation factor — whether the challenged conduct was isolated or part of a pattern — the majority finds that MRN’s treatment of Sheely was the result of a “years-long policy,” contrary MRN’s contention that it was an isolated incident. This is a disputed issue of fact best resolved by the district court. On the second voluntary cessation factor — the reason for ceasing the challenged activity — the majority makes a credibility determination regarding MRN’s motivation for implementing a new policy toward service animals. The majority states that “the record does suggest that MRN was motivated by a desire to avoid liability” and that MRN’s Vice President of Finance and Business Administration, Rick Steinberg, conceded as much when he said that the purpose of the policy was to “avoid future disputes such as [this one].” Maj. Op. at 1186. But, a complete reading of his statement suggests a genuine motivation for enacting the policy. Mr. Steinberg states that
[t]he purpose of the written policy was to inform employees of [MRN’s] commitment to follow the law with respect to service animal access, to help employees identify service animals, to inform employees of [MRN’s] rules related to service animal access and to go above and beyond the requirements of the ADA and Florida law so as to avoid future *1208 disputes such as the one at issue [in this case].
(R.l-30, Steinberg Aff. ¶ 4.)
Therefore, whether MRN adopted the new policy in an effort to moot the current litigation or simply to come into compliance with the ADA and RA is also a question of fact that should be resolved by the district court.
Finally, the majority questions the sincerity of MRN’s intentions to adhere to its new policy, saying that MRN “may well calculate that its new policy is no longer the preferable course of action and revert to the old policy it prefers----” Maj. Op. at 1189. This statement constitutes a credibility finding — one that is within the sole province of the trial court — and is contrary to Mr. Steinberg’s statement of intention to comply with the policy. (“All [MRN] employees are required to read, understand and follow the Service Animal Policy and sign an acknowledgment from verifying in writing that they will in fact do so.” (R.l-30, Steinberg Aff. ¶ 5.)) The district court thought that MRN’s intentions to follow the policy were sincere. (“The record is undisputed that [MRN] consulted an ADA expert, established a formal written policy, and transmitted this written policy to all employees---- The relief that the Court would have granted ... has already been accomplished by [MRN’s] adoption of [the policy].” (R.l-47 at 8.))
This is not the first time an appellate court has engaged in fact-finding on appeal. But, that does not make it right. I respectfully dissent.

. The majority ignores this critical fact, which the district court characterized as undisputed, when it states that the court only referenced three undisputed facts in its mootness discussion. See Maj. Op. at 1188-89 n.15.

. The three factors are: (1) whether the challenged conduct was isolated or unintentional, as opposed to continuing and deliberate; (2) whether the defendant’s voluntary cessation was timed so as to avoid litigation; and (3) whether the defendant admitted liability. Maj. Op. at 1184.

. The majority quotes as its justification for fact-finding the district court’s statement that the record is "undisputed.” While it is true that the district court said the record is undisputed, it believed the record showed, without dispute, that MRN would not renew its challenged practices in the future. Interestingly, however, the majority reaches the opposite conclusion on this “undisputed” record.
Further, as support for its fact-finding without remand to the trial court, the majority cites another case where the record on appeal was said to be undisputed. Maj. Op. at 1189 n.15 (citing Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1324 (11th Cir.2004) ("The facts of this case are not in dispute.”)).